

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. W. A. Davis
State Registrar of Vital Statistics
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-4278-A
Re: Necessity of the statutory affi-
davits as proof of the facts
stated in a birth certificate
sought to be filed with the
State Registrar of Vital Sta-
tistics.

You have called the attention of this department to
a conflict between our opinion No. 0-4278 and our opinion No.
0-4190, both relating to the delayed filing of birth certifi-
cates for registration by the State Registrar. You ask the
following question:

"Please advise me if the affidavits are the
minimum requirements in submitting to the Court
the record of an unregistered birth."

Article 4477, Rule 51a, Vernon's Revised Civil Stat-
utes of 1925, as amended by Acts 1939, 46th Legislature, House
Bill 614, and as further amended by House Bills 624 and 974,
Acts 1941, 47th Legislature, provides in part as follows:

"And provided further, that any citizen of
the State of Texas wishing to file the record of
any birth or death that occurred in Texas, not
previously registered, may submit to the Probate
Court in the County where such birth or death oc-
curred, a record of such birth or death written
on the adopted forms of birth and death certifi-
cates; and provided further that any citizen of
the State of Texas wishing to file the record of
any birth or death that occurred outside of the
State of Texas, not previously registered, may
submit to the Probate Court in the County where

Mr. W. A. Davis, Page 2

he resides a record of that birth or death writ-
ten on the adopted forms of birth and death cer-
tificates. The certificate shall be substantiated
by the affidavit of the medical attendant present
at the time of the birth, or in case of death,
the affidavit of the physician last in attendance
upon the deceased, or the undertaker who buried
the body. When the affidavit of the medical at-
tendant or undertaker cannot be secured, the cer-
tificate shall be supported by the affidavit of
some person who was acquainted with the facts
surrounding the birth or death, at the time the
birth or death occurred, with a second affidavit
of some person who is acquainted with the facts
surrounding the birth or death, and who is not
related to the individual by blood or marriage.
The Probate Court shall require such other in-
formation or evidence as may be deemed necessary
to establish the citizenship of the individual
filing the certificate, and the truthfulness of
the statements made in that record. The Clerk
of the said Court shall forward the certificate
to the State Bureau of Vital Statistics with an
order from the Court to the State Registrar that
the record be, or be not, accepted. The State
Registrar is authorized to accept the certificate
when verified in the above manner, and shall issue
certified copies of such records as provided for
in Section 21 of this Act. Such certified copies
shall be prima facie evidence in all Courts and
places of the facts stated thereon. The State
Bureau of Vital Statistics shall furnish the forms
upon which such records are filed, and no other
form shall be used for that purpose."

In opinion No. 0-4190 we said:

"The certificate must be substantiated by the
affidavits mentioned in the Act."

We think the above quoted holding is correct.

In opinion No. 0-4278 we said:

"From a careful consideration of this stat-
ute, we draw the following conclusions:

Dr. W. A. Davis, Page 3

"A.  The purpose of the act is 'to procure
the uniform observance of its provisions and the
maintenance of a perfect system of registration'
of births and deaths.  The State Registrar of
Vital Statistics is required to prepare and is-
sue detailed instructions necessary to effect
this purpose.

"B.  The State Department of Health shall
approve, and 'the State Bureau of Vital Statis-
tics shall furnish, the forms upon which such
records are filed, and no other form shall be
used for that purpose.'  The law contemplates
that the forms furnished shall provide space
for the furnishing of the information required
by the statute, and that the 'use' of such forms
shall consist of a substantial compliance with
the statute in this respect.

"C.  When a 'delayed birth certificate' has
been 'verified in the above manner', i.e., by the
affidavit of the medical attendant present at the
time of the birth; or (in case this cannot be se-
cured) the affidavit of some person who was ac-
quainted with the facts surrounding the birth at
the time it occurred, with a second affidavit of
some person who is acquainted with the facts sur-
rounding the birth, and who is not related to the
individual by blood or marriage; plus (in either
case) an order of the Probate Court that the rec-
ord be accepted; then the State Registrar is re-
quired to accept and file the record.  But until
such verification is complete, and in due form,
the State Registrar is not authorized to accept
and file the record, . . .  We are further of the
opinion that the statute contemplates that the
'second affidavit' shall be made by someone other
than the person whose birth is being recorded."

The above quoted portion of opinion No. O-4278 we
think is correct.

However, we further said in opinion No. O-4278:

"D.  The only exception to the requirements
noted under rule 'C', above, contemplated by the

Jr. W. A. Davis, Page 4

statute, is that, where it is shown to the satisfaction of the Probate Court that it is impossible to verify the facts of the birth in either of the two manners provided by the act, then the court may require such other evidence thereof as he deems necessary, and may base his order that the record be accepted, or be not accepted, upon such other evidence, or the lack of it. But where such a record of birth is submitted to the State Registrar for filing, it should show on its face that it is based upon such other evidence, and that the Probate Court has found the impossibility of securing the statutory affidavits."

We have carefully reconsidered the matter and are now of the opinion that the portion of opinion No. O-4278 just above quoted is erroneous. We hereby overrule opinion No. O-4278 insofar as it conflicts with this opinion.

It is our opinion that when a "delayed birth certificate" has been "verified in the above manner", i.e., by the affidavit of the medical attendant present at the time of the birth; or (in case this cannot be secured) the affidavit of some person who was acquainted with the facts surrounding the birth at the time it occurred, with a second affidavit of some person who is acquainted with the facts surrounding the birth, and who is not related to the individual by blood or marriage; plus (in either case) an order of the Probate Court that the record be accepted; then the State Registrar is required to accept and file the record. But until such verification is complete, and in due form, the State Registrar is not authorized to accept and file the record. We are further of the opinion that the statute contemplates that the "second affidavit" shall be made by someone other than the person whose birth is being recorded. It is our further opinion that the "first affidavit" cannot be legally made by the person whose birth is being recorded.

It is therefore our opinion that your question should be answered in the affirmative and it is so answered.

APPROVED JUL 22, 1942

ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp